## OLIVARES v. SAN ANTONIO PUBLIC SERVICE CO.

### No. 10632.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 29, 1939.

Rehearing Denied Dec. 30, 1939.

Marcos Zertuche and J. R. Cade, both of San Antonio, for appellant.

Brooks, Napier, Brown & Matthews and Harper MacFarlane, all of San Antonio, for appellee.

SMITH, Chief Justice.

Francisca Olivares sued the San Antonio Public Service Company for damages for personal injuries. Upon a jury verdict judgment was rendered denying her any recovery, and she has appealed. The parties will be referred to herein as plaintiff and defendant, respectively, as in the trial court.

Plaintiff alleged that while walking along a public street in the outskirts of the City of San Antonio, during or shortly following an unprecedented rain and electric storm, three overhead electric light wires, belonging to defendant and as a result of defendant's negligence, fell to the ground near her, resulting in a severe shock and

serious bodily injuries to her. As stated in her brief "Plaintiff alleged several acts of negligence, some of which were the insulation of the wires that fell were faulty, wires were too loosely strung, defendant failed to make an inspection of wires within reasonable time, wires were strung too low overhead, defendant failed to bury the wires."

Those acts were submitted in the form of special issues to the jury, who found against plaintiff as to each of them. The jury further found that the wires fell to the ground solely as a result of lightning, that plaintiff suffered no physical shock to her body on account of the falling wires, and, in effect, that she sustained no damages. Plaintiff concedes, by not assigning error thereon, that every jury finding was supported by sufficient testimony.

The trial judge submitted to the jury the issue of whether defendant was negligent in not having previously buried the three wires underground, and while discussing that particular issue one of defendant's counsel stated to the jury that "it would cost a great deal to put the wires underground, and that would cause the defendant to charge a higher rate." Plaintiff objected to the argument on the ground that it was "highly prejudicial and inflammatory to the rights of Plaintiff, that some of the members of the Jury were consumers of electricity furnished by defendant and paid therefor." Regardless of the question of propriety of the argument, which we do not decide in view of the state of the record, it cannot be seriously contended that it probably influenced the jury in their specific findings that plaintiff received no shock, and sustained no damage, as a result of the wires falling, and that lightning was the sole cause of that event. No matter what findings the jury could have made on the issues of defendant's alleged negligence, plaintiff could not have recovered in the face of the finding that the wires were grounded solely by lightning and that plaintiff received no shock and sustained no damage as a result of the incident. If the argument was improper, its effect, if any, was certainly harmless. For that reason, if no other, we overrule plaintiff's first assignment of error, in which this question is raised. For the same reason we overrule plaintiff's related third assignment of error.

Another of defendant's counsel, by way of philosophizing, argued to the jury that it is more difficult to procure witnesses to testify against, rather than for, litigants. Plaintiff complains of this argument in her second assignment of error. It is not conceivable that the expression of this theory could operate more against one litigant than another, or that it was of such an inflammatory and prejudicial nature and effect as to require a new trial below or reversal here, particularly in the face of the findings that plaintiff was not injured or damaged, and that the accident was due solely to lightning. Plaintiff's second assignment of error will therefore be overruled.

Plaintiff sought to require the trial judge to apply the doctrine of res ipso loquitur to defendant in this case, which the trial judge refused to do. In her fourth assignment of error plaintiff complains of that ruling. We overrule the assignment of error. In the first place, the doctrine invoked does not apply in this case for the reason that the jury found that the falling of the wires was caused solely by lightning, which we judicially know was not under the control of the defendant. Moreover, the ruling complained of, even if technically erroneous, was rendered immaterial in view of the unquestioned jury findings that plaintiff was not injured by the falling of the wires, and sustained no damages as a result thereof.

The judgment is affirmed.